IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:92-216-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Waytis Pendergrass, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). Defendant's motion is based upon an amendment to the United States Sentencing Guidelines (hereinafter "U.S.S.G." or "Guidelines"), namely Amendment 706. The Government has not responded to Defendant's motion.

The Presentence Report (PSR) establishes that Defendant was responsible for the distribution of cocaine base, or "crack" cocaine, in excess of 4.5 kilograms. In considering a § 3582(c)(2) motion, this court is "bound by its previous determination" regarding the amount of drugs establishing the offense level. *United States v. Adams*, 104 F.3d 1028, 1030 (8th Cir. 1997). A motion pursuant to § 3582(c)(2) "is not a do-over of an original sentencing proceeding," *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quotations omitted), as a § 3582(c)(2) motion does not reopen the factual findings made by this court at Defendant's original sentencing. *United States v. Stewart*, 595 F.3d 197, 201 (4th Cir. 2010). This court "must leave in place all other guidelines applications such as any enhancements or reductions in offense level for offense characteristics" which were applied at the original sentencing. *Id*. *See also Adams*, 104 F.3d at 1030-31 (same).

1

The PSR establishes in the summary paragraph (¶ 15), on which the base offense level was calculated, that the amount of narcotics involved in the offense was "5 kilograms to 15 kilograms" of "crack" cocaine.

Defendant is not entitled to a "do-over" of his original sentencing proceeding. The summary paragraph used 5 to 15 kilograms of "crack" cocaine to establish a base offense level of 40. After Amendment 706, 5 to 15 kilograms of "crack" cocaine continues to produce a base offense level of 40. Accordingly, Amendment 706 does not authorize a two level reduction for this defendant.[1]

Defendant's motion is **denied**.[2]

---

[1] See 18 U.S.C. § 3582(c)(2) (the court may consider a reduction in a Defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that *has* subsequently *been lowered*") (emphasis added).

[2] To the extent Defendant's motion could be construed as challenging certain rulings made at his original sentencing, Defendant's request for relief would more properly be sought as a motion for relief under 28 U.S.C. § 2255. However, any such motion would be successive in nature. Defendant's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of such a motion in the district court would be fatal to the outcome of any action on the motion by this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, a defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done. Therefore, to the extent Defendant's motion could be construed as a motion for relief under § 2255, it would be dismissed as this court would be without jurisdiction to consider it.

If this court were to construe this motion as a motion for relief under § 2255, the governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON McGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 21, 2010

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\92-216 Waytis Pendergrass deny more than 4.5 at sentencing.wpd

---

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, to the extent this motion can be construed as a motion for relief under § 2255, a certificate of appealability is **denied**.